[685 NYS2d 189]

In the Matter of PAUL CHAZAN (Admitted as PAUL M. CHAZAN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 9, 1999

### APPEARANCES OF COUNSEL

*Daniel G. Mouzon* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Myron Beldock* of counsel (*Beldock Levine & Hoffman, L. L. P.,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Paul Chazan was admitted to the practice of law

in New York by the Fourth Judicial Department on September 10, 1976, as Paul M. Chazan, and at all times relevant to this proceeding maintained an office for the practice of law within this Department.

On or about October 15, 1997, the Departmental Disciplinary Committee served respondent with a notice and statement of charges alleging that respondent forged his client's signature and falsely notarized the forgery, in violation of Code of Professional Responsibility DR 1-102 (A) (4) and (5) (22 NYCRR 1200.3), and that he attempted to adduce false testimony from his client under oath, in violation of DR 1-102 (A) (4) and (5) and DR 7-102 (A) (6) (22 NYCRR 1200.33). Prior to a hearing on the charges, at which respondent testified on his own behalf and called character witnesses in mitigation, respondent entered into a stipulation admitting essentially all of the factual allegations.

The charges relate to respondent's representation of a client in connection with the client's petition for administrative review (PAR) of a determination of the Division of Housing and Community Renewal (DHCR), entered on default, deregulating the rent on the client's rent-stabilized apartment on the basis of the client's income level. Respondent did not become involved in the matter until 2 or 3 days before the deadline for filing the PAR, and, when he asked the client to come to his office to sign the papers, the client replied that he was "too busy." Unsuccessful in his efforts to persuade the client to come to his office, respondent signed the client's name and notarized the signature. Thereafter, at a DHCR hearing to address the client's claim that he had never received the original deregulation petition, the client testified on cross-examination that he never signed the PAR. On redirect, respondent attempted to elicit inaccurate testimony from the client on redirect, i.e., that the client came to respondent's office and signed the PAR. The client, however, maintained that the signature on the PAR was not his. After a brief suspension in the proceedings, respondent admitted under oath that he signed the PAR for the client and notarized the client's signature.

The Hearing Panel concluded that by forging his client's signature, notarizing his own forgery and submitting a document which he knew to be forged and falsely notarized to a governmental agency, respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of DR 1-102 (A) (4) and that the conduct was prejudicial to the

administration of justice (DR 1-102 [A] [5]). The Panel found that respondent's attempt to adduce false evidence from his client was also conduct involving dishonesty, fraud, deceit or misrepresentation (DR 1-102 [A] [4]) and constituted conduct prejudicial to the administration of justice (DR 1-102 [A] [5]). In addition, the Panel concluded that respondent's conduct reflects adversely on his fitness to practice law (DR 1-102 [A] [8]). The Panel was not, however, satisfied that the evidence, "properly interpreted," demonstrated that respondent knowingly participated in the creation of false evidence in violation of DR 7-102 (A) (6).

Noting that respondent's forgery cannot be isolated from his false notarization and attempt to adduce false testimony, the Panel concluded that the misconduct and multiple Code violations would ordinarily warrant at least a six-month suspension, but, based on respondent's otherwise unblemished record, his cooperation in the investigation, his prompt recognition of his misconduct and his credible testimony as to remorse, recommended a three-month suspension with automatic reinstatement. The Panel was also impressed by the testimony of character witnesses and respondent's record of extensive *pro bono* legal services and community service.

The Disciplinary Committee moves to confirm the Hearing Panel's findings of fact and conclusions of law. Respondent requests that we impose the less severe sanction of a public censure.

"Forgery, particularly when committed by an attorney has always been viewed by this Court as a serious matter. The sanctions generally imposed for forgery offenses range from a short suspension to disbarment depending upon the repetitiveness of the misconduct and the desire for personal profit." (*Matter of Glotzer*, 191 AD2d 112, 114.) In *Glotzer*, the respondent, who caused a forged document to be filed with the court and falsely swore at a deposition that his client's signature was genuine and made in his presence, was suspended for a period of six months. While there the respondent did not profit financially from his actions, had no prior disciplinary record and enjoyed an excellent reputation in the legal community, he maintained throughout the proceedings that the client came to his house and signed the stipulation, when that was not the case. Under the circumstances of this case, where the same mitigating circumstances exist and where, in addition, respondent readily acknowledged his misconduct and cooperated in the investigation, a three-month suspension is the appropriate sanction.

Accordingly, the Disciplinary Committee's motion should be granted, the Hearing Panel's report and recommendation should be confirmed and respondent should be suspended for a period of three months.

SULLIVAN, J. P., ROSENBERGER, WALLACH, MAZZARELLI and ANDRIAS, JJ., concur.

Petition granted, the report and recommendation of the Hearing Panel confirmed, and respondent suspended from the practice of law in the State of New York, for a period of three months, effective March 11, 1999.