[772 NYS2d 26]

In the Matter of JOSEPH BURDEN, an Attorney, Respondent.
DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JU-
DICIAL DEPARTMENT, Petitioner.

First Department, February 17, 2004

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill (James T. Shed* of counsel), for petitioner.
*Michael S. Ross* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Joseph Burden was admitted to the practice of law in the State of New York by the Fourth Judicial Department on March 7, 1975, and, at all times relevant to this proceeding, has maintained an office for the practice of law within this Department.

On August 13, 2002, the Departmental Disciplinary Committee (Committee) served respondent with a notice and statement of charges containing 11 counts alleging that respondent violated Code of Professional Responsibility DR 1-102 (a) (4) (conduct involving dishonesty, fraud, deceit or misrepresentation), (5) (engaging in conduct prejudicial to the administration of justice) and (7) (conduct that adversely reflects on the lawyer's fitness as a lawyer) (22 NYCRR 1200.3). These charges arose out of respondent's abuse of trial subpoenas he issued in a special proceeding pending in housing court. In particular, respondent, as landlord's counsel, issued various trial subpoenas to third parties seeking the financial and medical records of a tenant without complying with CPLR 408. CPLR 408 requires, in pertinent part, leave of court for such discovery in a special proceeding and further requires that these subpoenaed documents be delivered directly to the court and made available only after a court's express approval. Previously, the housing court denied respondent's request for certain information it had deemed private and unavailable. Using letter requests, respon-

dent improperly urged that the subpoenaed documents be sent directly to him rather than the court, subverting the court's procedure for receiving, maintaining and releasing subpoenaed records. Upon learning of respondent's abuse of the trial subpoenas, counsel for the tenant moved to quash and for sanctions. Respondent submitted an affirmation in response falsely claiming that the subpoenaed documents were sent to his office without solicitation or suggestion by him. In its decision, the housing court found that respondent's use of the subpoenas was an abuse of process and that respondent had made a false statement to the court. Accordingly, the subpoenas were quashed, respondent sanctioned in the amount of $1,000 and the matter referred to the Committee.

In response to the Committee's letter regarding the matter, respondent again falsely stated that the subject documents were voluntarily sent to his office without his urging. In his answer to the Committee's formal charges and in a prehearing stipulation, however, respondent later acknowledged violating Disciplinary Rules in connection with each of the 11 counts of the charges. At the hearing held before a Referee, the Committee recommended a one-year suspension and respondent urged a public censure. The Referee subsequently sustained all 11 counts and recommended a three-month suspension with automatic reinstatement after the suspension. A Hearing Panel unanimously agreed with the Referee's report and the recommended sanction.

The Committee now petitions this Court for an order pursuant to 22 NYCRR 603.4 (d) and 605.15 (e) (2), confirming the determination of the Hearing Panel, and suspending respondent from the practice of law for a period of three months.

Inasmuch as respondent had admitted and stipulated to violating Disciplinary Rules in connection with each of the 11 counts of the Committee's charges, which were independently supported by the evidence adduced at the hearing, the petition should be granted. We find that respondent's misconduct was a deliberate circumvention of the housing court's rules and procedures by soliciting and obtaining documents by the abuse of judicial subpoenas. Further, we find that respondent's false statements to the housing court and to the Committee were calculated to conceal respondent's unethical behavior. Under these circumstances, respondent's suspension for a period of three months is warranted.

Accordingly, the Committee's petition should be granted and the determination of the Hearing Panel should be confirmed to

the extent of suspending respondent from the practice of law in the State of New York for a period of three months and to be reinstated pursuant to 22 NYCRR 603.14 (a) (1).

Tom, J.P., Saxe, Sullivan, Lerner and Friedman, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of three months, effective March 17, 2004.