[794 NYS2d 346]

In the Matter of HOWARD GOTBETTER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 3, 2005

### APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Naomi F. Goldstein* of counsel), for petitioner.

*Howard Gotbetter,* respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent Howard Gotbetter was admitted to the practice of law in the State of New York by the Second Judicial Department on December 21, 1955. At all times he has maintained an office for the practice of law within the First Judicial Department.

Respondent was served with a notice and statement of charges alleging that he had made material misrepresentations to the court and to opposing counsel in violation of Code of Professional Responsibility DR 1-102 (a) (4), (5) and (7) (22 NYCRR 1200.3 [a] [4], [5], [7]). In his answer, respondent explained the underlying circumstances and disagreed with the allegations. Respondent and staff counsel entered into a prehearing factual stipulation and a hearing was held before a Referee. Respondent stipulated to the following facts.

Respondent's mother passed away in 1993, he was the executor of her estate. She owned a few shares of Ford Motor Company common-stock in her name which respondent failed to transfer to his father, the beneficiary under his mother's will. Respondent did file a change of address form with Ford, causing all mail to be sent to him. In 2000, Visteon Corporation was spun-off from Ford, resulting in the issuance of 17 shares of stock in respondent's mother's name. Respondent received a

letter from Visteon explaining its "odd-lot" program whereby Visteon offered to buy the seventeen shares. Respondent signed the accompanying acceptance card in his mother's name authorizing the sale, without identifying himself as the executor of the estate. Respondent ultimately received a check in his mother's name for $173.01, the value of the shares. Respondent endorsed the check with his mother's name and deposited it in his account. In 2001, respondent brought a suit against Visteon in Supreme Court, New York County, naming his mother as the plaintiff and signed the complaint as "attorney for plaintiff." The lawsuit alleged, inter alia, breach of contract and fraud in determining the sales price of the shares of stock, failure to issue the check in a timely manner, failure to pay interest, and the possible manipulation of the stock price during the program period. Various motions were made, including one by respondent for class certification naming his mother as the putative representative of the class. In response to Visteon's request to depose respondent's mother, respondent wrote a letter to opposing counsel (with a copy to the court) stating that he was withdrawing the motion for class certification due to health problems and suggesting that an upcoming court conference was unnecessary. At a later court appearance, respondent admitted that the plaintiff was his mother who had died in 1993, and that he had signed the odd-lot acceptance card in 2000. His subsequent motion to substitute the estate as plaintiff was denied.

Thereafter, the defendants sought costs, attorney's fees, and sanctions against respondent. The court determined that respondent had engaged in frivolous conduct by making false statements of material fact, and should be sanctioned. He referred the amount of costs and legal fees to be assessed to a referee.* The court directed that a copy of the transcript of its decision be sent to the Disciplinary Committee.

During the Referee's hearing, respondent testified that he made a mistake in believing that, as his mother's executor, he could sign her name to the acceptance card and commence suit in her name. At the conclusion of the Referee's hearing, all charges were sustained. A Departmental Disciplinary Hearing Panel heard oral argument and recommended to confirm the findings of the Referee.

---

* The parties stipulated to $12,000 although respondent continued to disagree with the court's decision.

The Disciplinary Committee now seeks an order pursuant to 22 NYCRR 605.15 (e) confirming the Hearing Panel's determination and suspending respondent for three months. Respondent opposes the Committee's petition, arguing that his conduct was unintentional. He also contends that a three-month suspension is too harsh, that he is 73 years old and in poor health, and that he believes that the system has treated him poorly.

Respondent also moves to, inter alia, enlarge the record to include several documents attached to his motion as exhibits. Respondent's motion is granted to the extent of enlarging the record to include the attached documents.

A three-month suspension is warranted. Although the Committee states that such a suspension may be considered too lenient, in light of the fact that respondent has practiced law for approximately 50 years with an unblemished record and no client was involved, a short suspension is justified.

Accordingly, the Disciplinary Committee's motion should be granted, the Hearing Panel's determination confirmed, and respondent should be suspended for a period of three months.

Tom, J.P., Friedman, Ellerin, Sweeny and Catterson, JJ., concur.

Respondent suspended from the practice of law in the State of New York, for a period of three months, effective June 2, 2005, until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.