[804 NYS2d 4]

In the Matter of Avrohom Becker, an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, October 11, 2005

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Vitaly Lipkansky* of counsel), for petitioner.

*Hinshaw & Culbertson, LLP* (*Hal R. Lieberman* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Avrohom Becker was admitted to the practice of law in the State of New York by the Second Judicial Department on January 18, 1989. At all times pertinent to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee filed a notice and statement of charges against respondent on May 27, 2004 alleging that he violated Code of Professional Responsibility DR 1-102 (a) (4) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation), (5) (conduct prejudicial to the administration of justice) and (7) (conduct that adversely reflects on the lawyer's fitness as a lawyer) (22 NYCRR 1200.3). Respondent filed an answer essentially admitting all of the factual allegations and admitting liability to the charges.

Respondent's misconduct occurred while handling a personal injury matter for Ruth Kurtz as a result of her 1993 trip and fall on a sidewalk and consequent ankle fracture. Mrs. Kurtz died in 1994 as a result of bone cancer, but respondent did not discover this until 1997 after he received a $55,000 settlement offer from the defendant, the City of New York, and forwarded the proposed settlement to Mrs. Kurtz.

Respondent was then contacted by Mrs. Kurtz's son, Samuel Kurtz, who advised respondent that his mother and father had died and that Mrs. Kurtz had two other children, one of whom had died and left heirs. Respondent explained that protracted and costly estate proceedings needed to be initiated but, at Samuel's request, respondent agreed to proceed without going to Surrogate's Court and, instead, altered the settlement documents by removing Mrs. Kurtz's first name from the captions and signature lines. Samuel Kurtz then signed his last name on each document, had the signatures notarized, and returned them to respondent. Respondent then submitted the documents to the City without disclosing the fact that Mrs. Kurtz had died three years earlier.

On September 18, 1998, a check in the amount of $55,000 was issued made payable to Ruth Kurtz and respondent. Samuel endorsed the check by signing the name "Ruth Kurtz" on the back of the check and respondent endorsed the check with

his signature stamp. Respondent then deposited the check, took out an amount for attorney fees, and turned the balance over to Samuel, who distributed the funds to the rest of the Kurtz family.

In October 1998, respondent filed the required closing statement in the Kurtz matter with the Office of Court Administration, referring to Mrs. Kurtz in the present tense and stating that she had been provided with her share of the settlement funds.

Respondent did not inform the City of his client's death until January 2004 when he commenced a nunc pro tunc proceeding in Surrogate's Court regarding the settlement funds, after having learned from the Disciplinary Committee in late 2003 that he was under investigation. While respondent waited to see if the City made any objections or otherwise responded to the Surrogate's Court proceedings, he placed $55,000 of his own money in an account in case the City wanted to rescind the settlement. No objections were raised nor did the City seek the return of the $55,000 settlement.

In light of respondent's admission of liability, the Referee conducted a hearing solely on mitigation on September 21, 2004. The Committee sought a one-year suspension and respondent urged he receive a private reprimand. The Referee sustained the charges and recommended a public censure be imposed. Before a Hearing Panel, the Committee again sought a one-year suspension and respondent argued for a private reprimand but acknowledged that public censure was not unreasonable. The Panel recommended affirmance of the Referee's report in its entirety, including the recommendation of public censure.

The Committee now seeks an order pursuant to 22 NYCRR 603.4 (d) and 605.15 (e) confirming the Hearing Panel's findings of fact and liability, and imposing a sanction of no less than public censure.

As the Hearing Panel noted, respondent knowingly engaged in "serious acts of dishonesty," and the evidence supports the Panel's findings and conclusion that respondent is guilty of professional misconduct. Generally, misconduct involving forgery, fraudulent statements and filing false instruments with government bodies has resulted in sanctions ranging from a short suspension to disbarment depending on the repetitiveness of the misconduct and the desire for personal profit (*see Matter of Glotzer,* 191 AD2d 112, 114 [1993]; *see also Matter of Gotbetter,* 19 AD3d 1 [2005] [three-month suspension for forging

deceased mother's signature on several documents, commencing suit in her name and making false statements of material fact to the court]; *Matter of Burden*, 5 AD3d 1 [2004] [three-month suspension for violating CPLR 408 by issuing trial subpoenas to third parties without leave of court and making false statements to court and Committee]; *Matter of Chazan*, 252 AD2d 323 [1999] [three-month suspension for forging client's signature, falsely notarizing the forgery, submitting the forged and falsely notarized document to a governmental agency and attempting to adduce false testimony from the client]).

Here, as in *Gotbetter* and *Chazan*, respondent's conduct consisted of multiple acts of deception in a single case, and he cites compelling mitigating factors. It is our view that the appropriate sanction herein is a three-month suspension, as was imposed in those cases.

Accordingly, the Committee's petition should be granted to the extent of confirming the Hearing Panel's findings of fact and conclusions of law and suspending respondent from the practice of law in the State of New York for a period of three months.

MAZZARELLI, J.P., SAXE, MARLOW, WILLIAMS and GONZALEZ, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of three months, effective November 10, 2005, and until further order of this Court.