OPINION OF THE COURT
Per Curiam.
Respondent Nativ Winiarsky was admitted to the practice of law in the State of New York by the Second Judicial Department on May 8, 1996. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.
The Departmental Disciplinary Committee now seeks an order, pursuant to 22 NYCRR 605.15 (e), disaffirming the Hearing Panel’s findings insofar as it recommended dismissing certain charges, but confirming its sanction recommendation of a public censure. By cross motion, respondent seeks an order confirming the Hearing Panel’s report in its entirety, denying the Committee’s motion to the extent it seeks to disaffirm the Panel’s dismissal of certain charges but granting the motion to the extent that it seeks censure.
This disciplinary proceeding arises out of respondent’s actions in two unrelated Housing Court proceedings. In the first proceeding respondent represented the landlord. The issue in the proceeding was whether the roommate of the deceased tenant of record (the roommate), who claimed to have been the tenant’s domestic partner, was entitled to claim succession *3 rights. Respondent sought and received leave of court, as required by CPLR 408, to depose the roommate. During the deposition, the roommate identified the tenant’s adult son and daughter as witnesses who could corroborate his claim of domestic partnership with the late tenant of record. Hence, again pursuant to CPLR 408, respondent moved for leave to serve subpoenas duces tecum and testificandum upon the deceased tenant’s children. Respondent served the motion on the roommate’s counsel and on the tenant of record’s children, with proposed subpoenas (leaving the dates of deposition and signature lines blank) attached as exhibits.
Prior to the motion return date, the wife of the deceased tenant’s son called respondent inquiring as to whether her husband could appear for questioning voluntarily in order to obviate the need for a future court appearance. Respondent replied that if the son appeared voluntarily, there would be no need to proceed with his motion. The wife agreed that her husband would appear voluntarily at respondent’s office. When respondent contacted the daughter, she too agreed to appear voluntarily so as to avoid a future, obligatory appearance.
A few days later, the tenant of record’s son appeared at respondent’s office at which time he was placed under oath, advised of the penalty of perjury, and gave testimony which was transcribed by a stenographer. Respondent also requested that the son make any necessary corrections to his testimony on a separate errata sheet, sign the transcript, and return it to him. Respondent did not provide opposing counsel, or the court, with prior or subsequent notice that he would be questioning the son under oath.
Three days after he questioned the son, respondent emailed opposing counsel and, without providing a specific reason, requested an adjournment of his CPLR 408 motion for leave to depose the children, which was returnable three days later. Counsel consented to an adjournment of approximately six weeks. Four days after that consent was received, the deceased tenant’s daughter appeared at respondent’s office and was also placed under oath and gave testimony which was transcribed by a stenographer. Respondent also requested that she correct any errors on a separate errata sheet and return the signed transcript to him.
Less than two weeks later, respondent informed opposing counsel that he was withdrawing his motion for leave to take discovery; however, he did not provide his adversary or the court *4 with a specific reason as to why he was doing so. The roommate’s counsel eventually learned that the tenant of record’s children had been questioned by respondent under oath, and moved for, inter alia, an order dismissing the proceeding with prejudice, sanctioning respondent, and disqualifying his firm from continuing to represent the landlord in the proceeding. Housing Court Judge Joseph Capella granted the cross motion to the extent of suppressing the testimony of the children, awarding the roommate reasonable attorneys’ fees for the cross motion, and disqualifying respondent’s firm from representing the landlord.
Respondent testified before the Referee that he did not intend to violate CPLR 408, and that he viewed his questioning of the two witnesses as having been no different than securing a voluntary affidavit or sworn statement outside the judicial process. He further testified that when he took the testimony at issue, he did not feel it was necessary that he inform the court or opposing counsel of his course of action, despite the pending motion for leave. However, upon reflection, he testified, he came to realize that opposing counsel would have been under the reasonable, albeit not necessarily correct, impression, that when the motion was made he would refrain from questioning the witnesses until the court had ruled.
The second litigation proceeding out of which the subject charges arise was a Housing Court proceeding that had been assigned to a court attorney to act as a special referee for resolution of discovery matters. While the proceeding was pending, the court attorney received an ex parte email from respondent which read, in pertinent part:
“[o]ur firm is currently seeking to hire a mid level associate with about 4-6 years of experience in litigation. Would you know of anyone, whether it is an individual working in Supreme Court or in Housing Court, who may be interested? ... Of course, if you may have any interest, I would be keenly interested in discussing such a position with you as I have greatly admired both your grasp of the law and the manner in which you have handled the issues presented to you.”
The court attorney testified before the Referee in this matter that, upon receipt of the ex parte email, he discussed the matter with the chief court attorney and the presiding judge; and it was decided that respondent’s email should be forwarded to the *5 other counsels of record with an admonition that all parties were to receive copies of any correspondence with the court. While none of the other attorneys sought the court attorney’s recusal, he later recused himself when it became evident that he would be a witness in this proceeding. The court attorney testified before the Referee that, while he considered respondent’s email a “lapse in judgment” and “inappropriate,” he did not feel that respondent had a “nefarious” purpose in sending it.
Respondent, who acknowledged that the email reflected an “absence of thought,” testified before the Referee that he did not intend to influence any decision the court attorney might make in connection with the litigation. Respondent explained that during the period at issue, his firm, which had previously and recently hired former court attorneys, was looking to fill an associate position. As to his raising a potential job opportunity with the court attorney, respondent explained:
“I asked [the court attorney] whether he knew of anyone, another court attorney who may be interested, and as an aside in the end, I didn’t want him to be slighted, I asked also if he would have an interest. And my intent in originally doing that is . . . My intent in doing that was so as not to slight him to think that I didn’t believe him to be someone of worth or someone that we should be considering.”
The Departmental Disciplinary Committee served respondent with a notice and statement of seven charges, six of which related to his taking the depositions of nonparty witnesses in a special proceeding without leave of court, and one related to his ex parte communication of a job opportunity to the court attorney who was acting as a special referee in the special proceeding in which respondent represented a party. Respondent admitted most of the facts alleged but denied all of the charges. Respondent also asserted five affirmative defenses, most notably, that since his “investigative interviews” of the nonparty witnesses were not depositions within the definition of CPLR 3102, they did not require leave of court and he was not obligated to comply with CPLR 408. The Committee ultimately withdrew two of the charges relating to the discovery taken without leave.
The Referee sustained all of the remaining charges. As to the disclosure charges, the Referee explained that respondent was an experienced and competent attorney who knew he had to file *6 a discovery motion in the summary proceeding and to obtain leave of the court before he could depose witnesses. The Referee rejected respondent’s efforts to distinguish between depositions and examinations under oath, finding that his securing of leave to depose the roommate evinced that he knew a court order was required to question any other witnesses. The Referee also pointed out that respondent’s firm had been admonished for similar behavior in two unrelated prior proceedings, a history of which respondent was aware. The Referee found that respondent’s behavior was an attempt to circumvent the CPLR and thus prejudicial to the administration of justice, a violation of Code of Professional Responsibility DR 1-102 (a) (4) and (5) (22 NYCRR 1200.3 [a] [4], [5]). The Referee further found that respondent’s delaying tactics in requesting an adjournment of the motion for leave, his subsequent withdrawal of his discovery motion and his failure to deal in a transparent and honest way with opposing counsel and the court also constituted conduct involving dishonesty, fraud, deceit and misrepresentation, constituting a violation of DR 1-102 (a) (4).
As to the email to the court attorney, the Referee found not credible respondent’s defense of lack of thought and lack of recognition of the impropriety of his conduct which, while a serious lapse of judgment not likely to be repeated, constituted a violation of DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). After a sanction hearing and respondent’s concession that public censure was the appropriate recommendation for sanction, the Referee recommended that respondent be publicly censured.
The Hearing Panel affirmed the Referee’s liability finding as to the charge involving the email to the court attorney, and agreed with the Referee’s recommendation of a public censure based on that charge. However, the Panel did not sustain the remaining charges. It found there to be a distinction between a “formal deposition” contemplated by CPLR 408 and 3102 and the “sworn testimony” taken by respondent from the tenant of record’s children, which it found to be akin to affidavits, affirmations and declarations, none of which is a statutory disclosure device. The Panel further found that respondent’s decision to proceed after having filed a motion for leave to conduct discovery was a mere change in strategy which was entirely appropriate.
The Committee moves to disaffirm the Hearing Panel’s findings insofar as it recommended dismissing the charges relating to the questioning of the two witnesses, but confirming its sane *7 tion recommendation of a public censure. Respondent seeks an order confirming the Hearing Panel’s report in its entirety, denying the Committee’s motion to the extent it seeks to disaffirm the Panel’s dismissal of certain charges but granting the motion to the extent that it seeks censure.
We grant the Committee’s motion in its entirety and grant the cross motion only to the extent it seeks confirmation of the Panel’s sanction recommendation. The Hearing Panel’s reasoning is flawed and essentially places form over substance in concluding that respondent did not take the depositions of the deceased tenant’s children in violation of CPLR 408. As noted by the Referee, the circumstance under which the lay witnesses gave their sworn testimony had all the indicia of a deposition, to wit: they were placed under oath and advised of the penalty of perjury; their testimony was transcribed by a stenographer; and they were instructed as to the proper execution and return of an errata sheet and the transcript. The only appreciable difference in the manner in which the questioning was conducted was that only in the roommate’s deposition were the “usual stipulations” entered into. However, that is only because in that scenario there was actually someone to stipulate with; i.e., counsel for the roommate. Respondent’s contention that there was a marked difference in that the children, as opposed to the roommate, were free to leave at any time, ignores the fact that respondent never advised them of that prior to, or during, their testimony. As unrepresented lay people, it is doubtful that they were aware that they were not compelled to answer all of the questions. Moreover, the fact that the motion served on the witnesses contained proposed, albeit unexecuted, subpoenas, further suggests that they were likely unaware that they were free to terminate the questioning session at any time. In any event, in our view, the Hearing Panel should have deferred to the Housing Court on the matter of whether CPLR 408 required respondent to secure leave of court before eliciting the testimony at issue. Respondent’s claim that he acted under a good faith belief that he was engaging in informal investigation outside of CPLR 408 is belied, in part, by his own firm’s history of obtaining ex parte discovery, of which he was admittedly aware.
Contrary to the Panel’s conclusion that respondent’s conduct with respect to the depositions was not punishable by the Disciplinary Committee, we have in the past found that discovery abuses like those which occurred here can indeed constitute ethical transgressions warranting professional discipline. *8 In Matter of Burden (5 AD3d 1 [1st Dept 2004]), we imposed a three-month suspension on an attorney who issued improper trial subpoenas to third parties seeking financial and medical records of a tenant, without complying with CPLR 408, although we acknowledge that, unlike here, the respondent in that matter made false statements to the Housing Court and to the Committee about the documents. Nevertheless, in sustaining the charges of misconduct in Matter of Burden, this Court found that the attorney’s “misconduct was a deliberate circumvention of the housing court’s rules and procedures by soliciting and obtaining documents by the abuse of judicial subpoenas” (5 AD3d at 3).
Accordingly, the Committee’s motion should be granted in its entirety, the Hearing Panel’s determination reversing the Referee’s liability findings as to charges one, two, three and six is disaffirmed, charges one, two, three, six and seven are sustained, and respondent is publicly censured. Respondent’s cross motion is granted solely to the extent of confirming the Hearing Panel’s recommended sanction of public censure.
Tom, J.E, Mazzarelli, Saxe, Catterson and DeGrasse, JJ., concur.
Respondent publicly censured.