OPINION OF THE COURT
Per Curiam.
Respondent Joseph I. Rosenzweig was admitted to the practice of law in the State of New York by the First Judicial Department on July 18, 1983 under the name Joseph Isaac Rosenzweig. At all times relevant herein, he maintained an office for the practice of law within the First Judicial Department.
In its statement of charges dated August 12, 2011, the Departmental Disciplinary Committee brought three disciplinary charges that stem from respondent’s entry into a bigamous marriage in Jamaica. Charge one alleges that by entering into the bigamous marriage in violation of Jamaican law, while he was still legally married in New York, respondent engaged in “illegal conduct that adversely reflects” on his “honesty, trustworthiness, or fitness as a lawyer,” in violation of Code of Professional Responsibility DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3]). Charge two alleges that respondent engaged in “conduct involving dishonesty, fraud, deceit, or misrepresentation,” in violation of DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]), in that he falsely informed a Jamaican government official that he was a “bachelor” in order to effectuate the bigamous marriage. Charge three alleges that by violating the previously cited disciplinary rules, respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). By answer dated August 24, 2011, respondent admitted all of the factual allegations and liability to the charges, but denied that he intended to enter into an illegal marriage in Jamaica or that he intended to violate Jamaican law.
The underlying facts are undisputed. Respondent married Theresa Wong in 1985. In or about 1995 he entered into an amorous relationship with Radiah Givens. Although married to Wong, respondent traveled with Givens to Jamaica, falsely informed a Jamaican government official that he was a “bachelor,” executed marriage documents indicating that he was then a bachelor, and participated in a ceremony by which he and *110 Givens were “officially married” under Jamaican law. According to respondent, Givens understood that their purported marriage was not a legal union, and they had no plans to cohabit after the Jamaican ceremony.
The Referee issued a report in which he sustained all three charges and recommended a public censure. The Referee noted that the state interests underlying Jamaica’s bigamy statute appeared to relate to the protection of spouses and families by reason of abandonment of the first marriage or financial fraud on a subsequent spouse, and concluded that
“[h]ere the parties to the purported marriage were in Jamaica only briefly, and there was no impact on the Jamaican citizenry. And because the parties to the ceremony did not seek to change their preexisting relationship and Respondent did not intend to end his marriage with his wife, the concerns apparently underlying the bigamy statutes do not appear to be present, or are present only in attenuated form.”
The Referee deemed censure an appropriate sanction in light of certain mitigating factors. In particular, respondent (1) had no prior disciplinary record, (2) fully cooperated with the Committee’s investigation, (3) accepted full responsibility for his misconduct and expressed remorse, (4) engaged in misconduct which was aberrational and entirely unrelated to the practice of law, and (5) had a reputation for honesty and integrity amongst his friends and colleagues.
With respect to precedent, the Referee found no disciplinary cases directly on point. Citing Matter of Nearing (16 AD2d 516, 518 [1st Dept 1962]), for the proposition that the overall goal of disciplinary proceedings is to deter misconduct so as to protect the public, the Referee explained:
“[g]iven what Respondent has been through as a result of his misconduct, it is almost inconceivable that Respondent would ever again misrepresent his marital status to a public official. Thus, from the perspective of specific deterrence, there is no need for a severe sanction. The goal of general deterrence would be achieved by a public censure, since in the unlikely event that any other lawyer were to consider engaging in similar conduct, this cautionary tale would likely be more than enough to dis *111 suade. Not only is the personal lapse unlikely to be repeated, there is nothing to suggest that Respondent will not continue to conduct his professional practice with the integrity that he has carried out throughout his professional career.”
The Hearing Panel, by majority vote, sustained the Referee’s findings on liability, but disaffirmed the recommended sanction of censure and recommended a six-month suspension. The Hearing Panel majority premised its recommendation of the more severe sanction on the fact that respondent’s conduct consisted of multiple acts of deception in that he (1) made at least two false statements to Jamaican officials that he was not married when, in fact, he was lawfully married to Wong, and (2) participated in a civil ceremony by which he and Givens were married under Jamaican law. One panel member dissented and recommended that an even more severe sanction be imposed.
The Hearing Panel agreed with the Referee that there appears to be no prior disciplinary case directly on point. Noting, however, that respondent, a sole practitioner, also worked part time as an Administrative Law Judge for the New York City Environmental Control Board, the Panel concluded that “[a] public censure of an Administrative Law Judge under the circumstances here is not adequate notice to the profession and assurance to the public that such misconduct will not be tolerated.”
The Committee now moves for an order pursuant to 22 NYCRR 605.15 (e) (2), confirming the Hearing Panel’s determination and imposing the recommended sanction of six months. Respondent cross-moves for an order disaffirming the Panel’s determination insofar as it recommended a six-month suspension and requests that the Referee’s recommendation of public censure be confirmed. In his cross motion, respondent argues that the Hearing Panel failed to give due deference to the Referee’s findings on the issue of his remorse, and improperly used his status as an Administrative Law Judge as an aggravating factor.
The Hearing Panel’s report should be confirmed insofar as it sustained the Referee’s findings on liability, as they are fully supported by the record and admitted by respondent. With regard to the severity of the sanction to be imposed, this Court has imposed suspensions of varying lengths for misconduct involving willful misrepresentation to government officials or courts (see Matter of Becker, 24 AD3d 32 [1st Dept 2005] [three- *112 month suspension for filing settlement papers that falsely represented that a deceased litigant was still alive]; Matter of Gotbetter, 19 AD3d 1 [1st Dept 2005] [three-month suspension for forging respondent’s mother’s signature to commence suit in her name and false statements to court]; Matter of Chazan, 252 AD2d 323 [1st Dept 1999] [three-month suspension for forging client’s signature, falsely notarizing the forgery, submitting that document to a government agency and attempting to adduce false testimony from the client]; compare Matter of Cohen, 40 AD3d 61 [1st Dept 2007] [two-year suspension for backdating an INS filing and failing to acknowledge or express remorse for said misconduct]).
That respondent’s misconduct involves his personal life only, does not necessarily warrant a sanction less severe than suspension (see Matter of Gurevich, 94 AD3d 39 [1st Dept 2012] [18-month suspension for misconduct arising in the context of a commercial real estate transaction to which the respondent was a party]; Matter of Zulandt, 93 AD3d 77 [1st Dept 2012] [three-year suspension for misconduct stemming from an incident of domestic violence resulting in a misdemeanor assault conviction]; Matter of Bikman, 304 AD2d 162 [1st Dept 2003], lv denied 100 NY2d 506 [2003] [18-month suspension for deceiving the landlord of a rent-controlled apartment by submitting rent checks purportedly bearing the signature of the respondent’s deceased sister]). On this record, we find that a six-month suspension is the appropriate sanction.
Accordingly, the Committee’s petition should be granted to the extent of confirming the Hearing Panel’s findings of fact and conclusions of law and respondent should be suspended from the practice of law for a period of six months and until further order of this Court. Respondent’s cross motion is granted solely to the extent of confirming the Referee’s liability findings.
Acosta, J.E, Renwick, DeGrasse, Freedman and Richter, JJ., concur.
Respondent suspended from the practice of law in the State of New York for a period of six months, effective the date hereof and until further order of this Court. Cross motion granted to the extent indicated.