[21 NYS3d 257]

In the Matter of ROBERT RADMAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 14, 2015

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Naomi F. Goldstein* of counsel), for petitioner.

*Robert Radman*, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent Robert Radman was admitted to the practice of law in the State of New York by the Second Judicial Department on April 14, 1993, and at all times relevant herein, maintained an office for the practice of law within the First Judicial Department.

In 2014, the Departmental Disciplinary Committee filed a notice and statement of charges against respondent alleging that he violated Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.3 (a) (failure to act with reasonable diligence and promptness in representing a client); rule 3.3 (a) (1) (false statement of fact or law made to a tribunal); rule 3.3 (a) (3) (offer or use evidence that the lawyer knows to be false); rule 8.4 (c) (conduct involving dishonesty, fraud, deceit or misrepresentation); and rule 8.4 (d) (conduct prejudicial to the administration of justice). Respondent admitted all of the factual allegations and all of the charges. Respondent stipulated to the following facts:

Respondent's misconduct occurred in 2012 while working of counsel to the law firm representing the estate of Armand Arman, in a wrongful death and medical malpractice action against Manhattan Diagnostic Radiology, Inc. (MDR), Lenox Hill Hospital and several doctors. The action had been commenced in Supreme Court, New York County, where respondent filed an affirmation in opposition to the defendants' motions for summary judgment and submitted two exhibits that were purported to be expert affirmations from two unnamed doctors, a radiologist and a pulmonologist. In fact, the affirmations had been drafted by respondent himself and were never agreed to or signed by any medical experts. During oral argument on the summary judgment motions, the court requested to see the signed, original affirmation from the radiologist and respondent assured the court that he would be able to produce the document within one week. When respondent failed to produce the original affirmation, the court subsequently faxed a letter to respondent at the law firm indicating that he would

have an additional day to produce the original document, or otherwise, defendants would be granted summary judgment. Respondent assured a partner at the firm that he was conferring with a medical expert and would provide the court with the signed original. The next day, respondent told the partner that he could not find the document and then sent the court a named, unsigned affirmation from a radiologist. In fact, respondent had not consulted nor did he receive permission from the radiologist whose name was affixed to the affirmation. Thereafter, the court granted summary judgment to three of the defendants on the merits, and in the absence of a signed affirmation, granted summary judgment to the remaining two defendants, MDR and a doctor, on default. The court informed the Disciplinary Committee of respondent's conduct.

During the Referee's hearing, respondent testified that beginning in 2012 he felt overwhelmed by personal and professional pressures. Specifically, respondent, who is married with two young children, was having difficulty supporting his family. In addition, respondent testified that, inter alia, he felt increasing professional pressure from the additional and unexpected work he was given at the two firms where he was of counsel. The Referee sustained all charges and recommended that respondent be suspended for three months and receive counseling from the New York City Bar Association Lawyer Assistance Program (LAP). In making these recommendations on sanction, the Referee found that mitigating factors in favor of a more lenient sanction included respondent's admission of the charges and remorse; his cooperation with the Committee's investigation; and the fact he has practiced law for over 20 years and has no prior disciplinary history.

The Hearing Panel heard oral argument and affirmed the Referee's report in its entirety, including the recommendations on sanction.

The Disciplinary Committee now seeks an order confirming the Hearing Panel's determination and suspending respondent for three months, or, alternatively, for a period this Court deems proper, and directing him to participate in counseling through LAP.

Based on respondent's admissions and the record before this Court, we confirm the Hearing Panel's determination that respondent is guilty of professional misconduct. With regard to sanctions, generally, misconduct involving willful misrepresentations to government officials or courts warrants a short suspension where mitigating circumstances exist (*see Matter of*

*Brenner*, 44 AD3d 160 [1st Dept 2007] [six-month suspension for making false statements to a federal court in support of a pro hac vice application; mitigation included acknowledgement of guilt, expression of remorse and cooperation with the Committee]; *Matter of Becker*, 24 AD3d 32 [1st Dept 2005] [three-month suspension for, inter alia, filing settlement documents that concealed client's death in order to obtain release of settlement funds; mitigation included evidence of good character and remorse]; *Matter of Gotbetter*, 19 AD3d 1 [1st Dept 2005] [three-month suspension for forging deceased mother's signature to commence suit in her name and making false statements to the court; mitigation included his 50-year unblemished legal career]; *Matter of Chazan*, 252 AD2d 323 [1st Dept 1999] [three-month suspension for forging client's signature, falsely notarizing and submitting forged document to a government agency, and attempting to adduce false testimony from client under oath; mitigation included cooperation with Committee, remorse, and unblemished disciplinary history]).

Here, in our view, the appropriate sanction is a three-month suspension. As in *Becker* and *Gotbetter*, respondent's conduct consisted of misrepresentations to the Court, and he cites compelling mitigating factors, including admission of misconduct, cooperation with the Committee, and lack of prior disciplinary record in 20 years of practice. We further conclude that respondent's participation in counseling through LAP is warranted under the circumstances (*see Matter of Antomattei*, 96 AD3d 136 [1st Dept 2012]; *Matter of Teschner*, 7 AD3d 46 [1st Dept 2004]).

Accordingly, the Committee's motion should be granted, the Hearing Panel's findings are confirmed, and respondent should be suspended from the practice of law for a period of three months and forthwith enroll in and successfully complete the LAP program for one year. Respondent's LAP monitor is to submit a report to the Committee every six months during that period.

MAZZARELLI, J.P., SWEENY, RENWICK, FEINMAN and KAPNICK, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of three months, effective 30 days from the date hereof as indicated, and until further order of this Court.