Matter of Bernstein (2019 NY Slip Op 01545)





Matter of Bernstein


2019 NY Slip Op 01545


Decided on March 5, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 5, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. David Friedman, Justice Presiding,
Dianne T. Renwick
Rosalyn H. Richter
Peter Tom
Angela M. Mazzarelli,Justices.


M-2905 M-5920

[*1]In the Matter of Leigh W. Bernstein, (admitted as Leigh Wayne Bernstein), an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Leigh W. Bernstein, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Leigh W. Bernstein, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on January 14, 1987.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Vitaly Lipkansky, of counsel), for petitioner.
Michael S. Ross, Esq., for respondent.
Motion Nos: M-2905 & 


PER CURIAM


Respondent Leigh W. Bernstein was admitted to the practice of law in the State of New York by the Second Judicial Department on January 14, 1987, under the name Leigh Wayne Bernstein. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department.
The Attorney Grievance Committee commenced this disciplinary proceeding by a petition of charges (Judiciary Law § 90[2], Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8), alleging that respondent was guilty of certain misconduct in violation of the Rules of Professional Conduct (22 NYCRR 1200.0) because he prepared and submitted a fabricated summons and complaint to deceive a claims adjuster that he had timely commenced an action in hopes of finalizing a settlement offer. Respondent also intentionally failed to disclose to the client that he had missed the statute of limitations and that the delay in settlement was due to the claim adjuster's investigation into the false summons and complaint.
The parties agree on the stipulated facts, including the admission to the acts of professional misconduct and the violations thereof (rule 1.3[a], 8.4[c] and 8.4[h]), the relevant factors in mitigation, and the discipline. The parties now jointly move pursuant to 22 NYCRR 1240.8(a)(5) for discipline on consent and request that respondent be suspended from the practice of law for a period of three months.
In support of the joint motion for discipline by consent, the parties rely on Matter of Alford (166 AD3d 80 [1st Dept 2018]); Matter of Marshall (153 AD3d 1 [1st Dept 2017]); and Matter of Becker (24 AD3d 32 [1st Dept 2005]), and agree that the underlying facts in those cases are analogous to the facts here and should be followed. In light of the significant factors in mitigation, including respondent's cooperation, admitted conduct and acceptance of responsibility, expressions of remorse, respondent's lack of a prior disciplinary history, and that the client was compensated for the full settlement amount, the parties agree that a three-month suspension from the practice of law is appropriate.
Accordingly, the parties' joint motion for discipline by consent should be granted and respondent is suspended for three months. The Committee's separately filed petition of charges should be denied as moot.
All concur.
Order filed. [March 5, 2019]
The parties' joint motion for discipline by consent (M-5920) is granted, and respondent is suspended from the practice of law in the State of New York for a period of three months, effective April 5, 2019, and until further order of this Court. The Committee's Petition of Charges (M-2905) is denied as moot.