Matter of Shin (2021 NY Slip Op 04736)





Matter of Shin


2021 NY Slip Op 04736


Decided on August 19, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 19, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick,J.P.,
Cynthia S. Kern
Jeffrey K. Oing
Peter H. Moulton
Manuel J. Mendez, JJ.


Motion No. 2021-02364 & 2021-02372 Case No. 2021-01088 

[*1]In the Matter of Haelee H. Shin, (admitted as Haelee Helen Shin), an attorney and counselor-at law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Haelee H. Shin (OCA Atty. Reg. No. 5446463), Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, as Haelee Helen Shin, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on July 18, 2016.




Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Thomas M. Lee, Esq., of counsel), for petitioner.
Hal R. Lieberman, Esq., for respondent.



Per Curiam. 


Respondent Haelee H. Shin was admitted to the practice of law in the State of New York by the First Judicial Department on July 18, 2016, under the name Haelee Helen Shin. At all times relevant to this proceeding, she has maintained a registered address within the First Department.
In March 2021, the Attorney Grievance Committee (AGC) filed a Petition of Charges alleging that, in 2018, respondent impersonated others, falsely accused a coworker of poor job performance, and falsely accused the coworker's husband of workplace sexual harassment. The parties now jointly move under the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8(a)(5) for discipline by consent and ask this Court to suspend respondent for a period of three months. By a separate motion, respondent requests that this Court seal and/or redact portions of the record herein.
The discipline by consent motion is supported by a joint affirmation containing a statement of facts, conditional admissions of professional misconduct, factors in aggravation and mitigation, and agreed upon discipline, as well as respondent's affidavit acknowledging her admission to the stipulated facts, her consent to the agreed upon discipline, which she has freely and voluntarily given, and her full awareness of the consequences of such consent (22 NYCRR 1240.8[a][5][i] and [iii]).
Complainant R.C. and respondent were coworkers from December 2016 until January 2019. Respondent and R.C., who occupied adjacent cubicles, had an acrimonious relationship while working together. On May 11, 2018, respondent impersonated a vendor and sent an email to their employer falsely complaining about R.C.'s unsatisfactory customer service. To do so, respondent created a fictious email account using the vendor's name. On May 16, 2018, respondent pretended to be an employee at R.C.'s husband's workplace by sending an anonymous letter to the company's Human Resources Department falsely accusing him of workplace sexual harassment. On June 8, 2018, respondent used the previously mentioned sham email address and left a review about R.C. on a legal website, under the guise of the aforementioned vendor, falsely complaining about the same unsatisfactory customer service about which respondent had complained to their employer several weeks prior. Shortly thereafter, R.C., with the help of her supervisors, who by this point were already aware that someone impersonating a vendor was making false accusations against R.C., formally disputed her review with the website. As such, on June 25, 2018, the website asked respondent to verify whether the content of her review was true, and she did so, still posing as the purportedly aggrieved vendor. In January 2019, respondent left her position and immediately began a non-legal position with another employer. In April 2020, respondent was internally promoted to another non-legal [*2]position, and remains in that role to date.
Respondent admits that her actions, as set forth above, violated the two charges alleged in the Petition of Charges; namely, that by impersonating others to falsely accuse R.C. and her husband of poor job performance and workplace sexual harassment, respectively, she engaged in "conduct involving dishonesty, fraud, deceit or misrepresentation" and "conduct that adversely reflects on [her] fitness as a lawyer" in violation of New York Rules of Professional Conduct (22 NYCRR 1200.0) rules 8.4(c) and 8.4(h).
The parties have stipulated to the following aggravation: respondent engaged in this misconduct with the intent of harming R.C. and her family; she engaged in a pattern of misconduct that occurred in four separate instances spanning over six weeks in time; and she fully accepted responsibility for her misconduct but only after the AGC's investigation had commenced. Respondent has not yet apologized to R.C. Although respondent alleged that she has been unable to apologize for her misconduct because R.C. allegedly refused to meet with her, respondent could have apologized in writing and has not done so.
The parties have stipulated to the following mitigation: respondent was a recently admitted attorney at the time of the events at issue; she has no prior disciplinary history; her misconduct did not adversely impact any client matters; and she is no longer engaged in the practice of law. Respondent fully cooperated with the AGC's investigation, and she was dealing with very difficult personal issues at the time she committed the misconduct at issue. Respondent voluntarily participated in the New York City Bar's Lawyer Assistance Program (LAP) because of her mental health issues and has meticulously kept her appointments. The parties have included a September 11, 2020 letter from LAP evidencing her commitment to address her issues and her positive progress.
The parties agree that a three-month suspension is the appropriate sanction herein. They argue that, while there are no cases directly on point, the requested sanction is supported by comparable circumstances involving forgery and deception. They rely on Matter of Bernstein (170 AD3d 77 [1st Dept 2019]), Matter of Marshall (153 AD3d 1 [1st Dept 2017]), Matter of Radman (135 AD3d 31 [1st Dept 2015]), and Matter of Becker (24 AD3d 32 [1st Dept 2005]). The parties argue that similar to the attorneys in these cases, respondent engaged in forgery, deception, and impersonation of others with the intent of harming R.C. and her family for which she has not apologized to R.C., and she only admitted her misconduct after discovery. Nevertheless, they contend that given the mitigation and relevant precedent a three-month suspension is a sufficient sanction.
Considering respondent's admitted misconduct, the aggravating and mitigating factors presented, and the relevant case law, with which the requested sanction is in general accord, this Court grants the parties' [*3]motion for discipline by consent and suspends respondent for a period of three months.
Respondent separately moves for an order directing that specified portions of the record be permanently sealed and/or redacted. As an alternative to sealing, petitioner requests that she be allowed to redact certain portions of the exhibits included in her motion. Respondent avers that she is "greatly concerned about making public various highly sensitive underlying issues that [she] shared with Committee Staff in the Answer and at the EUO." She maintains that "[n]one of the specified portions go to the issue of [her] guilt with respect to the misconduct described in the Petition, which [she has] admitted." Respondent asserts further that "[t]he Committee is aware of all the statements for which [she requests] sealing and/or redacting" and that the AGC "takes no position concerning the portions of the record [she] specified , except that the Committee affirmatively joins [her] request with regard to [certain highlighted] portions [thereof]." The AGC states that respondent has accurately represented its position with respect to her request to seal and/or redact the parts of the record, "and the Committee takes no position as to the remainder of the respondent's request."
This Court grants respondent's motion to seal the specified portions of the record, as the information contained therein is highly personal, and her conditional admissions made as part of the parties' joint motion make clear the circumstances and specifics of her misconduct (see e.g. Matter of Scudieri, 174 AD3d 168 [1st Dept 2019]; Matter of Scher, 59 AD3d 47 [1st Dept 2008]).
Accordingly, this Court grants the parties' joint motion for discipline by consent and suspends respondent from the practice of law in the State of New York for a period of three months, and until further order of this Court, and the Committee's Petition of Charges is denied as moot. Further, this Court grants respondent's motion and Exhibits 1 to 3, 5 and 8 of the Petition of Charges are to be sealed, as are the exhibits included with Appendix A to the motion, as they include portions of the Petition exhibits.
All concur.
It is Ordered that the parties' joint motion for discipline by consent pursuant to 22 NYCRR 1240.8 (a) (5) (M-2021-02364) is granted and respondent HAELEE H. SHIN, admitted as HAELEE HELEN SHIN, is suspended from the practice of law in the State of New York for a period of three months, commencing September 20, 2021, and until further order of this Court, and
It is further Ordered that the petition of charges is denied as moot, and
It is further Ordered that during the period of suspension, and until further order of this Court, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or agent, clerk or employee of another; that respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission [*4]or other public authority; and respondent is forbidden to give to another an opinion as to the law or its application or any advice in relation thereto. Respondent is directed to fully comply with the provisions of the Court's rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15) which are made part hereof, and
It is further Ordered that if the respondent has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and
It is further Ordered that respondent's motion to seal and/or redact certain parts of the record (M-2021-02372) is granted and Exhibits 1 to 3, 5 and 8 of the Petition of Charges and the exhibits included with Appendix A to the motion are sealed.
Entered: August 19, 2021