[615 NYS2d 432]

In the Matter of ALLAN L. BRENNER (Admitted as ALLAN LAURENCE BRENNER), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 1, 1994

APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Maryann Yanarella* of counsel), for petitioner.

*Mickey A. Steinman,* Poughkeepsie, for respondent.

OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent is charged with four allegations of professional misconduct. The Special Referee sustained all four charges. The Grievance Committee moves to confirm the report of the Special Referee and the respondent cross-moves to disaffirm the report.

· Charge One alleged that the respondent is guilty of neglecting a legal matter entrusted to him in violation of Code of Professional Responsibility DR 6-101 (A) (3). In or about March 1989 the respondent was contacted with a request to represent an individual in a criminal appeal. Between March 1989 and June 1989 the respondent was paid at least $2,000 for the purposes of pursuing the appeal. The respondent failed to take material steps regarding the appeal. In or about December 1989 the respondent informed his client that he was closing his law practice in New York and moving to Washington, D.C.

Charge Two alleged that the respondent is guilty of failing to promptly return an unearned fee in violation of Code of Professional Responsibility DR 2-110 (A) (3). Sometime after relocating to Washington, D.C., the respondent sent his client an undated letter in which he stated that he had every intention of refunding money, since he was unable to provide the necessary legal services. In this letter he also stated that he would send $500 by May 15, 1990, and the balance within the next few months. The respondent failed to refund any of the unearned fee prior to the filing of a complaint with the Grievance Committee for the Ninth Judicial District in or about July 1991. It was only after bank records were subpoenaed by the Grievance Committee showing deposits into the respondent's operating account that could be directly attributed to the subject appeal, that the respondent, in or about January 1992, refunded all or a portion of the unearned fee. The refund finally occurred more than two years after the respondent informed his client that he could no longer pursue the appeal.

Charge Three alleged that the respondent is guilty of engaging in conduct which adversely reflects on his fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (7). In or about July 1990, the respondent

entered into an agreement to purchase an automobile. The respondent agreed to pay $500 as a deposit, $1,000 on delivery and $300 by November 12, 1990. Checks drawn on the respondent's account, during August and September 1990 to the order of the seller for car payments were returned by the bank for insufficient funds and/or because payment had been stopped by the respondent. The respondent failed to register the automobile in his own name and continued to use the automobile from in or about July 1990 to in or about April 1991 while said vehicle was still registered to the seller. During this period of time, the respondent incurred parking tickets in both Washington, D.C. and New York City which, due to the respondent's failure to register the car in his own name, were attributed to the seller. The respondent failed to pay the fines imposed on parking tickets, which caused the seller to receive numerous notices from the New York City Parking Violations Bureau and the District of Columbia Transportation Systems Administration.

Charge Four alleged that the respondent has been guilty of engaging in conduct involving dishonesty, fraud, deceit or misrepresentation and/or conduct which adversely reflects on his fitness to practice law by providing false and misleading testimony under oath in violation of Code of Professional Responsibility DR 1-102 (A) (4) and (7). On or about April 22, 1991, the Grievance Committee for the Ninth Judicial District received a complaint against the respondent from the seller of the automobile, referred to in Charge Three. On or about June 9, 1992, the respondent appeared, pursuant to subpoena, at the offices of the Grievance Committee to give testimony under oath regarding the complaint. The respondent falsely testified that a friend drove the automobile and incurred some of the tickets. He further testified that this occurred in both New York and Washington, D.C.

Upon a review of the evidence adduced, we find that the Special Referee properly sustained Charges One, Two, Three, and Four. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted and the respondent's cross motion to disaffirm the report of the Special Referee is denied.

In determining an appropriate measure of discipline to impose, we have considered the mitigating circumstances advanced by the respondent, including the fact that the misconduct alleged in Charges Three and Four did not emanate

from an attorney-client relationship. Under the circumstances, the respondent is censured for his misconduct.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and O'BRIEN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion is denied; and it is further,

Ordered that the respondent is censured for his misconduct.