[840 NYS2d 349]

In the Matter of ALLAN LAURENCE BRENNER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 2, 2007

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Joseph J. Hester* of counsel), for petitioner.

*Lawrence H. Schoenbach* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Allan Laurence Brenner was admitted to the practice of law in New York by the Second Judicial Department on February 4, 1981, and at all times relevant herein, maintained an office for the practice of law within this Judicial Department.

On November 28, 2005, the Disciplinary Committee charged respondent with (1) making a materially false statement in an application for admission to the bar in violation of Code of Professional Responsibility DR 1-101 (a) (22 NYCRR 1200.2); (2) engaging in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of DR 1-102 (a) (4) (22 NYCRR 1200.3); (3) engaging in conduct prejudicial to the administration of justice in violation of DR 1-102 (a) (5); and (4) engaging in conduct that adversely reflects on his fitness as a lawyer in violation of DR 1-102 (a) (7), which all stem from respondent's 2001 submission of a knowingly false statement to the United States District Court for the District of Connecticut. Specifically, it was alleged that in an affidavit submitted to the District Court for permission to appear pro hac vice in a criminal case, respondent falsely denied that he had ever been disciplined by a court before which he had been admitted when, in fact, he had been publicly censured by the Appellate Division, Second Department, in 1994 (*Matter of Brenner*, 201 AD2d 100 [1994]), and formally admonished by this Court's Disciplinary Committee in 1997.

Respondent filed an answer wherein he admitted the factual allegations but denied that he intended to deceive the District Court. At the hearing, the Referee determined that, while in a foreign jurisdiction, making the most routine motion, respondent intentionally misled the federal court. He then sustained all four charges and recommended that respondent be suspended for a six-month period. In sustaining all charges, the Referee found that the evidence "clearly" supported the charges, noting that respondent's false statement "*was* material, it *did* involve misrepresentation, it *was* prejudicial to the administration of justice, and it *did* reflect adversely on respondent's fitness as a lawyer."

The Referee was heavily influenced by the fact that respondent himself generated the affidavit for permission to appear

pro hac vice on his word processor and had to insert in the affidavit the names of the court where he was admitted. This action demonstrated a lack of inadvertence or mistake on his part and a calculated attempt to "pull a fast one" on the Connecticut court in the hopes that no one would check. The Referee also found that earlier instances of misconduct stemming from respondent's previous disciplinary history manifested the same casual attitude toward the requirements of law and the rules of attorney behavior demonstrated here. In particular, the Referee referred to a Second Department censure involving respondent's neglect of a criminal appeal and a separate incident of false testimony to the Grievance Committee with respect to his purchase of a car from a third person, which resulted in judgments entered against the seller for respondent's failure to register the car and incurring numerous parking tickets both in New York and Washington, D.C. There, respondent was found to have falsely testified that a friend drove the car and incurred some of the tickets and that, in fact, he should not have been operating the car at all since he was doing so despite not having a valid driver's license. The First Department admonishment in 1997 involved respondent's failures to appear in court on behalf of his client and his failure to pay the sanction within 30 days in violation of DR 1-102 (a) (5) of the Code, and his failure, on a separate case, to perfect an appeal despite numerous instructions to do so, in violation of DR 6-101 (a) (3) (22 NYCRR 1200.30).

In mitigation, respondent testified, as did a longtime colleague and two sitting judges, to respondent's reputation as an outstanding and experienced trial attorney whose truthfulness would not be questioned.* The Referee also considered that respondent was 52 years old with a wife, who was a public defender in the Bronx, and three children, and his work for the Legal Aid Society and at various jobs in both the public and private sector. Respondent presented evidence that over a period of approximately nine years, he had worked on 20 pro bono cases and currently maintains an office out of his home on Long Island, with about 60-70% of his cases involving homicides; in recent years, he has tried 10 to 12 cases per year.

As to sanctions, the Referee found that a suspension was appropriate given that "respondent did not get the message of his two prior sanctions." However, acknowledging respondent's

---

* Respondent also offered an affidavit from another sitting judge before whom he had appeared many times.

skill and his numerous years of providing services pro bono, the Referee found that a period of more than six months "would be a loss to the public."

The Hearing Panel unanimously confirmed the Referee's report including the recommendation on sanction.

The Disciplinary Committee now seeks an order pursuant to 22 NYCRR 603.4 (d) confirming the Hearing Panel's determination which confirmed the Referee's report, and imposing such discipline as the Court deems proper, but not less than a six-month suspension. In opposition, respondent does not oppose the liability findings but instead asks this Court to reject the Hearing Panel's recommendation of sanction and impose a less severe sanction.

The Referee and Hearing Panel's findings and conclusions were amply supported by the record evidence and we confirm (see Matter of Berglas, 16 AD3d 1 [2005]; Matter of Nash, 166 AD2d 84 [1991]).

While respondent suggests a lesser sanction than the recommended six-month suspension, he fails to support such a lenient sanction in light of his disciplinary history. Moreover, his evidence in mitigation was already factored into the recommended suspension. As the Referee noted, this was not respondent's first instance of intentional dishonesty. On the other hand, respondent did present evidence of impressive pro bono activity, he cooperated with the Committee, he admitted his misconduct (although he still seems to equivocate about it), he expressed contrition and has a wife and young children. Under these circumstances, a suspension of six months is appropriate.

Accordingly, the Committee's motion should be granted to the extent of confirming the Hearing Panel's findings of fact and conclusions of law, and suspending respondent from the practice of law for a period of six months.

ANDRIAS, J.P., BUCKLEY, CATTERSON, MALONE and KAVANAGH, JJ., concur.

Respondent suspended from the practice of law in the State of New York, for a period of six months, effective August 31, 2007, and until further order of this Court.