[984 NYS2d 353]

# In the Matter of Norah Hart, an Attorney, Respondent.

First Department, April 24, 2014

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kathy Wu Parrino* of counsel), for petitioner.

*Norah Hart*, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent Norah Hart was admitted to the practice of law in the State of New York by the Second Judicial Department on April 19, 2006. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

In January 2013, the Departmental Disciplinary Committee (the Committee) charged respondent with knowingly making a false statement of law or fact to a third person in violation of rule 4.1 of the Rules of Professional Conduct (22 NYCRR 1200.0), engaging in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of rule 8.4 (c), engaging in the unauthorized practice of law in a jurisdiction in which she was not admitted to practice in violation of rule 5.5 (a), engaging in conduct prejudicial to the administration of justice in violation of rule 8.4 (d) and engaging in conduct adversely reflecting on her fitness as a lawyer in violation of rule 8.4 (h). Respondent admitted the Committee's material allegations but denied the charges.

Shortly after her admission in 2006, respondent opened her own practice and also practiced as of counsel to a New York law firm. Respondent specializes in consumer fraud actions. In November 2010, respondent commenced a proposed class action in Texas on behalf of plaintiff Terry Smith against the online dating service Match.com. Respondent, who is not admitted to practice in Texas, associated herself with local counsel to enable her participation in the action. Respondent did not personally draft the complaint but had input in its drafting. Except for one occasion, respondent did not appear in the Texas court; however, she did participate in discovery and communicated on several occasions with the Texas defense counsel.

On July 5, 2011, respondent placed a telephone call to Match.com's customer service department to obtain the name of a supervisor to depose. Respondent, using a false name, left a voice message and falsely identified herself as a journalist calling from a business journal for a story. A public relations coordinator returned the call later that day. When respondent answered, she used her real name, but when the coordinator stated she was returning a call from the business journal, respondent again used the false name. Respondent was unable to obtain the name of a supervi-

sor, because she did not provide sufficient journalistic credentials in response to the coordinator's inquiries. Realizing she had acted improperly, respondent promptly disclosed her actions to defense counsel. In explaining her actions, respondent claimed that formal discovery would have been ineffective because defense counsel had submitted nonresponsive answers to her prior discovery requests.

On March 15, 2012, the Texas state court issued an order compelling plaintiff Terry Smith to produce certain discovery documents. When plaintiff did not produce the documents, defendant moved for fees and costs and to have plaintiff declared pro se, based on respondent's failure to be admitted pro hac vice. On April 23, 2012, the court held a hearing on the motion at which respondent appeared telephonically. A month before the hearing, plaintiff's local counsel withdrew from the action. Notwithstanding its withdrawal, the local counsel informed respondent that it would still sponsor her pro hac vice application. However, counsel withdrew that offer, just days before the hearing.

On April 25, 2012, the Texas court ruled that respondent had engaged in the unauthorized practice of law by participating in Smith's lawsuit without having satisfied Texas' rules for pro hac vice admission and directed, among other things, that respondent file a complete pro hac vice application, with proper support, on or before May 3, 2012 or the court would enjoin her from further participation in the action. The order also awarded Match.com $10,000 in costs and fees, jointly and severally assessed against respondent, her New York firm and plaintiff, payable to defense counsel. On May 11, 2012, the court enjoined respondent from further participation because she failed to file a complete pro hac vice application.

Respondent, through local counsel, appealed the district court's order of April 25, 2012 to the Court of Appeals for the Fifth District of Texas. The court dismissed the appeal on the grounds that, under Texas law, it was not subject to appellate review. The appellate court also ordered respondent to pay Match.com's costs in defending the appeal as sanctions for filing a frivolous appeal. In October 2012, the court granted defendant Match.com's motion for summary judgment dismissing the action and did not rule on respondent's motion to reconsider the prior order.

During these disciplinary proceedings, respondent acknowledged the Texas court's April 25, 2012 order but disputed that

she had engaged in the unauthorized practice of law. Respondent also acknowledged that she had not paid the $10,000 and did not intend to do so because, in her view, she was not given a proper opportunity to appeal. These proceedings also brought to light two federal actions that respondent commenced against Match.com in Texas. Respondent was admitted pro hac vice in one of the actions but not the other. The Committee argued that respondent intended to mislead when she testified at her deposition that she had been admitted pro hac vice in both actions. Respondent testified that she was also involved as counsel in actions pending in Pennsylvania and Florida, but was not admitted to practice law in these jurisdictions.

On July 23, 2013, following a hearing, the Referee sustained all the charges and recommended a public censure. Shortly thereafter, the Hearing Panel, in an undated report, confirmed the Referee's liability findings and recommendation of public censure.

The Committee seeks an order under Rules of the Appellate Division, First Department (22 NYCRR) §§ 603.4 (d) and 605.15 (e) (2) confirming the findings of fact and conclusions of law of the Referee and Hearing Panel, sustaining all charges and adopting their recommendation of a public censure. Respondent was properly served with this motion but has not responded.

We confirm the findings of fact and conclusions of law sustaining all five charges and the recommended sanction of public censure. The Referee and Hearing Panel's liability findings have ample support in the record. Thus, the only issue before this Court is the appropriate sanction to impose.

Misconduct similar to that of respondent's has generally resulted in public censure, with suspension typically reserved for more egregious instances of misconduct (*see Matter of Winiarsky*, 104 AD3d 1 [1st Dept 2012] [censure for, among other things, discovery related misconduct involving taking depositions of nonparty witnesses in violation of CPLR 408 and misleading opposing counsel]; *Matter of Musmanno*, 69 AD3d 54 [1st Dept 2009] [censure based on public censure in New Jersey for, among other things, falsely misrepresenting himself to a police officer that he was a prosecutor to avoid a traffic summons]; *compare Matter of Dear*, 91 AD3d 111 [1st Dept 2011] [six-month suspension for oral and written false accusations of ethnic bias against a state trooper in challenging a traffic summons]; *Matter of Brenner*, 44 AD3d 160 [1st Dept 2007] [six-month suspension for, among other things, making false state-

ment as to having a prior disciplinary record in an affidavit submitted to federal court for permission to appear pro hac vice]).

The sanction of public censure finds further support in the record in mitigation. Indeed, respondent promptly disclosed her misrepresentations to Match.com to defense counsel, expressed remorse for her conduct, cooperated with the Committee's investigation and has no prior disciplinary history. As to respondent's non-admitted status in the Texas federal court in connection with one of the other cases she commenced against Match.com, the Committee did *not* present any evidence that the federal court took any action similar to that of the Texas state court. Moreover, the Committee did not bring charges related to this issue or the Pennsylvania and Florida matters. We find troubling respondent's attitude toward payment of the $10,000 in sanctions. However, as the Hearing Panel noted, defense counsel has not sought enforcement; nor is there evidence that it has done so with the sanctions the Texas appellate court ordered. Further, respondent is *not* solely responsible for the sanctions, but is jointly and severally liable along with her firm and Smith (plaintiff). Thus, we find, on balance, the record in this matter favors public censure over suspension.

Accordingly, the Committee's petition is granted to the extent of confirming the Referee and Hearing Panel's findings of fact and conclusions of law, sustaining all charges and adopting the recommendation that respondent be publicly censured.

MAZZARELLI, J.P., ACOSTA, SAXE, MOSKOWITZ and GISCHE, JJ., concur.

Respondent publicly censured.