[49 NYS3d 736]

In the Matter of PETER L. RAND, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 22, 2017

APPEARANCES OF COUNSEL

*Mitchell T. Borkowsky*, Hauppauge (*Daniel M. Mitola* of counsel), for petitioner.

*Moran Karamouzis, LLP*, Rockville Centre (*Grace D. Moran* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition containing five charges of professional misconduct. After a hearing on February 10, 2016, the Special Referee sustained the charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and appropriate. The respondent has cross-moved to confirm the report and asks the Court to consider various mitigating factors with regard to the imposition of sanction.

Charge one alleges that the respondent engaged in conduct adversely reflecting on his fitness as a lawyer, in violation of rule 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: Serina M. Guglielmetti filed a complaint dated July 31, 2014, alleging that, after paying a retainer in the sum of $5,000 and the sum of $1,000 in anticipated court fees to probate a will, the respondent failed to probate the will and failed to return any of Ms. Guglielmetti's telephone calls or emails.

By letter dated November 3, 2014, sent by first-class mail to the respondent at his law office located at One John Street, Suite 202, Babylon, NY 11702, the respondent was provided a copy of the Guglielmetti complaint and directed to submit a written answer within 10 days of his receipt thereof. The respondent failed to submit a response.

By letter dated December 12, 2014, sent by certified mail, return receipt requested, to the respondent's law office, the respondent was provided with a copy of the letter dated November 3, 2014, and advised that his failure to respond or otherwise cooperate with the Grievance Committee constituted professional misconduct independent of the merits of the underlying complaint. The letter further requested that the respondent submit a written answer within 10 days of his receipt thereof. The return receipt card was returned reflecting delivery. The respondent failed to submit a response.

By letter dated January 13, 2015, sent by certified mail, return receipt requested, to the respondent's law office, the respondent was provided with a copy of the letter dated December 12, 2014, was advised that the Grievance Committee was authorized to seek his immediate suspension from the practice of law if he failed to cooperate with the disciplinary investigation, and was asked to submit a written answer within 10 days of his receipt thereof. The return receipt card was returned reflecting delivery. The respondent failed to submit a response.

On February 20, 2015, judicial subpoenas dated February 9, 2015, were personally served on the respondent directing him to provide the entire file regarding the Guglielmetti matter by February 25, 2015, and directing him to appear at the Grievance Committee's offices for an examination under oath on March 3, 2015. The respondent failed to contact the Grievance Committee, failed to provide the file or any part thereof, and failed to appear.

On March 12, 2015, judicial subpoenas dated March 6, 2015, were personally served on the respondent directing him to provide the entire file regarding the Guglielmetti matter by March 26, 2015, and directing him to appear at the Grievance Committee for an examination under oath on March 30, 2015. The respondent failed to contact the Grievance Committee, failed to provide the file or any part thereof, and failed to appear.

Charge two alleges that the respondent engaged in conduct adversely reflecting on his fitness as a lawyer, in violation of rule 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on the factual specifications alleged in charge one.

Charge three alleges that the respondent neglected a legal matter entrusted to him, in violation of rule 1.3 (b) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: On or

about October 17, 2012, the respondent was retained by Serina M. Guglielmetti, as executor of the estate of Sophia Chetta, to probate Ms. Chetta's will. On the same date, the respondent received a retainer of $5,000 and another $1,000 in anticipated court fees. The respondent failed to probate the will, and failed to return any of Ms. Guglielmetti's phone calls or emails. On or about May 3, 2013, the respondent was contacted by successor counsel who requested that the respondent forward the file for the estate matter to successor counsel and refund Ms. Guglielmetti's $6,000. The respondent failed to respond to successor counsel.

Charge four alleges that the respondent intentionally failed to carry out a contract of employment entered into with a client for professional services, in violation of rule 1.3 (c) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on the factual specifications alleged in charge three.

Charge five alleges that the respondent failed to promptly comply with a client's reasonable request for information, in violation of rule 1.4 (a) (4) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on the factual specifications alleged in charge one.

Based on the evidence adduced at the hearing and the respondent's admissions, the Special Referee properly sustained all the charges. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.

The respondent has a disciplinary history consisting of an admonition dated December 2, 2014, for a failure to cooperate with an investigation of the Grievance Committee and the Suffolk County Bar Association.

In mitigation, the respondent asks that the following factors be considered: the root cause of the charges against him was a "severe undiagnosed, untreated depression"; he undertook efforts to address his mental health and he has since recovered; he has implemented various remedial measures in his law practice (e.g., hiring of an office manager and installation of new computer software); he refunded his client, together with interest; he has an unblemished disciplinary history for 20 years; he is remorseful; and he has a reputation as an excellent attorney.

Under the totality of the circumstances, including the fact that the charges relate to the neglect of a single client matter and the failure to cooperate with the Grievance Committee's

investigation of that client's complaint, we find that a public censure is warranted.

ENG, P.J., RIVERA, DILLON, BALKIN and CHAMBERS, JJ., concur.

Ordered that the petitioner's motion and the respondent's cross motion to confirm the report of the Special Referee are granted; and it is further,

Ordered that the respondent, Peter L. Rand, is publicly censured for his misconduct.