Matter of Colleluori (2018 NY Slip Op 05588)





Matter of Colleluori


2018 NY Slip Op 05588


Decided on August 1, 2018


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 1, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN, JJ.


2015-10492

[*1]In the Matter of Anthony J. Colleluori, admitted as Anthony John Colleluori, an attorney and counselor- at-law. Grievance Committee for the Tenth Judicial District, petitioner; Anthony J. Colleluori, respondent. (Attorney Registration No. 1999770)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on June 12, 1985, under the name Anthony John Colleluori. By decision and order on application dated January 14, 2016, this Court, inter alia, authorized the Grievance Committee to institute and prosecute a disciplinary proceeding against the respondent based upon the acts of professional misconduct set forth in a verified petition dated October 20, 2015, and referred the issues raised to the Honorable Patrick A. Sweeney, as Special Referee, to hear and report. By decision and order on motion dated August 2, 2016, this Court denied the respondent's motion to vacate the decision and order on application dated January 14, 2016, or, in the alternative, for summary judgment dismissing the proceeding.



Catherine A. Sheridan, Hauppauge, NY (Michael J. Kearse of counsel), for petitioner.
Foley Griffin, LLP, Garden City, NY (Chris McDonough of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Tenth Judicial District (hereinafter the petitioner) served the respondent on February 8, 2016, with a notice of petition and a verified petition dated October 20, 2015, containing four charges of professional misconduct. The respondent filed an answer to the petition dated February 29, 2016. After a preliminary conference held on March 1, 2017, and a hearing conducted on May 5, 2017, the Special Referee filed a report in which he sustained the charges. The petitioner now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent has submitted an affirmation of counsel in opposition to the petitioner's motion, requesting, inter alia, that the Court conclude this matter by issuing a private reprimand or a sanction no greater than a public censure.
The factual specifications supporting the charges of the verified petition stem from the respondent's representation of Gordon Woolf in a criminal case, and are as follows:
On June 4, 2013, federal agents arrested Woolf and charged him with having violated federal criminal statutes. On June 10, 2013, the respondent met with Woolf, who was then [*2]incarcerated in a federal detention facility awaiting arraignment. Luigi Vigliotti, Esq., accompanied the respondent to this meeting with Woolf. The respondent and Vigliotti were not law partners, and Vigliotti was not the respondent's employee. During the meeting, Woolf executed a retainer agreement with "The Law Offices of Anthony J. Colleluori & Associates, PLLC," and agreed to a $35,000 retainer fee, which was paid by Woolf on or before June 16, 2013.
On June 10, 2013, the respondent filed a notice of appearance in United States v Woolf, case No. 2:13-mj-00475, in the United States District Court for the Eastern District of New York. A few days later, on June 12, 2013, the respondent represented Woolf at a detention hearing in the District Court, which resulted in Woolf's release from custody that day.
After receiving the retainer fee and before July 12, 2013, the respondent paid $14,000 of the $35,000 retainer to Vigliotti, without advising Woolf and without obtaining Woolf's written consent.
The respondent was discharged by Woolf on or about July 12, 2013. At that time, Woolf requested the respondent to refund any unused portion of the retainer fee. In response, the respondent advised Woolf that he had previously given $14,000 to Vigliotti. The respondent also told Woolf that Vigliotti had spent all but $4,900 of the $14,000, and $4,900 was all that could be refunded.
By letter dated September 10, 2013, the petitioner provided the respondent with a copy of a grievance complaint filed by Woolf alleging that the respondent had failed to refund any portion of the unearned retainer fee and provide a detailed billing statement. The respondent submitted a written answer to the Woolf complaint dated January 28, 2014.
Following the petitioner's investigation of the Woolf complaint, by letter dated April 30, 2015, the petitioner issued an Admonition to the respondent for (1) improperly dividing a legal fee with another lawyer who was not a partner or associate in his firm, (2) failing to promptly refund an unearned portion of a retainer fee, and (3) engaging in conduct that adversely reflects on his fitness as a lawyer. The Admonition was conditioned on the respondent submitting proof to the petitioner, within 30 days of his receipt of the Admonition, that he had refunded the unearned portion of the $35,000 retainer to Woolf and provided Woolf with a detailed accounting of the disposition of the $35,000. The Admonition was sent by mail to the respondent's counsel, who acknowledged receipt thereof on May 4, 2015. The respondent admittedly did not provide the petitioner with the requested evidence that he had satisfied the conditions of the Admonition.
As of the date of the petition, the respondent had not provided Woolf a refund of the unearned portion of the retainer or a detailed accounting of the disposition of the $35,000 retainer.
Based upon the foregoing, charge one alleges that the respondent improperly divided a fee for legal services with another lawyer who was not associated with his law firm without disclosing to his client that the division of fees was being made and without the client's written agreement or acknowledgment to that division of fees, in violation of rule 1.5(g) of the Rules of Professional Conduct (22 NYCRR 1200.0). Charge two alleges that the respondent failed to promptly refund that part of the fee paid in advance that he had not earned, in violation of rule 1.16(e) of the Rules of Professional Conduct (22 NYCRR 1200.0). Charge three alleges that the respondent engaged in conduct that is prejudicial to the administration of justice, in violation of rule 8.4(d) of the Rules of Professional Conduct (22 NYCRR 1200.0). Charge four alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0).
We find that the Special Referee properly sustained the charges based upon the respondent's admissions and the credible evidence adduced at the hearing. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.
In determining an appropriate measure of discipline to impose, the respondent contends that his admitted mistakes are "ministerial error only." He requests that this Court issue him a private reprimand or a sanction no greater than a public censure in view of the mitigating evidence advanced, including evidence of his professional achievements and character, as well as the personal and medical difficulties he and his family have experienced. However, it is noted that the respondent's disciplinary record is not unblemished, as he has received two Admonitions unrelated to this matter.
Under the totality of the circumstances, we find that a public censure is warranted (see Matter of Rand, 149 AD3d 194; Matter of Brenner, 201 AD2d 100).
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.
ORDERED that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,
ORDERED that the respondent, Anthony J. Colleluori, admitted as Anthony John Colleluori, is publicly censured for his professional misconduct.
ENTER:
Aprilanne Agostino
Clerk of the Court