[725 NYS2d 335]

In the Matter of HARRY ISSLER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 5, 2001

#### APPEARANCES OF COUNSEL

*Andral N. Bratton* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Howard Benjamin* of counsel (*Gentile, Brotman, Maltz & Benjamin,* attorneys), for respondent.

#### OPINION OF THE COURT

Per Curiam.

Respondent Harry Issler was admitted to the practice of law

in the State of New York by the First Judicial Department on December 12, 1958, and at all times relevant to this proceeding has maintained an office for the practice of law within the First Judicial Department.

On or about February 9, 2000, respondent was served with a notice and statement of charges alleging that, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3) (dishonesty, fraud, deceit or misrepresentation); DR 1-102 (a) (5) (conduct prejudicial to the administration of justice); DR 1-102 (a) (7) (conduct adversely reflecting on the lawyer's fitness as a lawyer) and DR 7-102 (a) (3) (22 NYCRR 1200.33) (concealing or knowingly failing to disclose that which a lawyer is required by law to reveal), respondent had knowingly withheld crucial information from the Supreme Court, New York County, in connection with a declaratory judgment action he had filed on behalf of a client. Although in his answer respondent basically admitted the factual allegations, he denied that his conduct constituted disciplinary violations.

A Referee was appointed by this Court to hear and report on the charges. The hearing was conducted on May 11 and June 20, 2000, and in the November 1, 2000 report, all four charges were sustained. The Referee adopted the joint recommendation of the parties that the sanction be one of public censure. A Hearing Panel heard oral argument on the recommended sanction on January 19, 2001. The Hearing Panel confirmed the Referee's findings and adopted the recommendation of censure. We now grant the Departmental Disciplinary Committee's petition to confirm the report and censure respondent.

The basic facts are undisputed, and arise from respondent's representation of a stockbroker, Daniel Kalb, who had provided services for one Irene Toth de Escandon, now deceased, and whose estate was probated in Arizona. The decedent and Kalb maintained a joint account in a New York Citibank branch. Decedent's nephew apparently challenged her Last Will and Testament. By order entered July 13, 1990, an Arizona court restricted the Citibank account against withdrawals. Nevertheless, on December 10, 1992, Kalb withdrew $198,424 from that account, and apparently also withdrew funds from another joint account in California. As a consequence, the Arizona court entered an order of contempt against Kalb, and also entered judgment against him in favor of the estate in the amount of $468,202, on July 29, 1993. In 1994, Kalb retained respondent to commence a New York declaratory judgment action against Citibank that he was the owner of the funds in the

joint account upon the decedent's death. Citibank did not contest the action, and judgment was entered for Kalb on July 18, 1994. Respondent's violations arise from his failure to apprise the New York court of the Arizona court order restricting withdrawal of the funds from this account, that Kalb had withdrawn the funds, and that Kalb had been held in contempt by the Arizona court, despite knowing of these facts. Respondent, although knowing that the declaratory judgment action was intended to provide a defense to Kalb in an action by the decedent's nephew, now executor of the estate, against Kalb regarding these funds, also did not provide notice of Kalb's declaratory judgment action to the estate. The nephew then commenced an action in New York against respondent's law firm, alleging fraud in commencement of the declaratory judgment action. In reversing dismissal of that action to grant the plaintiff nephew partial summary judgment, we specifically found that respondent's firm had committed misconduct involving his intention to deceive the court or a party (*Schindler v Issler & Schrage,* 262 AD2d 226, *lv dismissed* 94 NY2d 791) and we remanded for an assessment of damages. That action subsequently settled for $375,000.

Respondent's guilt of misconduct as alleged by Departmental Disciplinary Committee arising from that matter is undisputed. The main issue for us is to review the Referee's and the Hearing Panel's recommendations as to censure. Evidence adduced before the Referee and the Hearing Panel provided adequate evidence in mitigation so that a more severe penalty is not presently necessary. Respondent has enjoyed an unsullied 40-year legal career, has performed significant public service throughout his career, including military service, and received character references from numerous judges and members of the Bar. He did not benefit appreciably from the declaratory judgment action, nor had he intended to, and his conduct did not reflect personal greed or venality. He ended up paying a significant judgment, especially in view of his modest fee. In view of these factors and respondent's genuine remorse, it is not likely that suspending respondent would provide a benefit or protection to the public, whereas public censure would achieve the benefit of informing the Bar and the public that this conduct would not be tolerated.

Accordingly, the petition should be granted, the report confirmed and respondent censured.

WILLIAMS, J. P., TOM, MAZZARELLI, LERNER and RUBIN, JJ., concur.

Petition granted, and respondent publicly censured.