[56 NYS3d 104]

In the Matter of MICHAEL J. AVILES (Admitted as MICHAEL JOHN AVILES), an Attorney, Respondent. ATTORNEY GRIEVANCE COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 13, 2017

APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Attorney, Attorney Grievance Committee,* New York City (*Yvette A. Rosario* of counsel), for petitioner.

*Emery Celli Brinckerhoff & Abady LLP* (*Hal R. Lieberman* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Michael J. Aviles was admitted to the practice of law in the State of New York by the Second Judicial Department on March 3, 1999, under the name Michael John Aviles. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

By unpublished order of April 27, 2016, this Court granted the petition of the Attorney Grievance Committee (the Committee) for an order giving collateral estoppel effect to an order and opinion of the United States Bankruptcy Court for the Southern District of Texas dated June 18, 2014. The Texas order arose out of respondent's improper conduct in the bankruptcy proceeding *In re Brown* (511 BR 843 [Bankr SD Tex 2014]), in that respondent failed to disclose material information to the court and trustee and engaged in the unauthorized practice of law in Texas. Based on the Texas court's decision, this Court found that respondent had violated New York Rules of Professional Conduct (22 NYCRR 1200.0) rule 3.3 (a) (1) (knowingly making a false statement of fact or law to a tribunal), rule 5.5 (a) (unauthorized practice of law), and rule 8.4 (c) (conduct involving dishonesty, fraud, deceit or misrepresentation), and (d) (conduct prejudicial to the administration of justice) and directed a sanction hearing be held. Respondent did not oppose the Committee's petition for collateral estoppel.

The facts underlying the petition are as follows: in November 2013, respondent agreed to represent a friend who had been ordered to appear as nonparty witness for a Federal Rules of Bankruptcy Procedure rule 2004 examination (that is, a deposition) in a chapter 11 bankruptcy proceeding in the Southern District of Texas (the District Court). The District Court ordered the witness to appear after it developed that she had received text messages from the late debtor's driver, who purportedly stated that he knew where the debtor's assets were located. Respondent was not admitted in the Southern District of Texas, nor did he apply to be admitted pro hac vice.

On December 5, 2013, the witness, represented by respondent, appeared for her deposition via videoconference in Miami, Florida, where she lived. She testified that her iPhone 4s had suffered a data loss approximately three days earlier which resulted in erasure of all her text messages, but promised the trustee that she would attempt to recover the lost data. On December 10, 2013, the witness purportedly lost her iPhone 4s and, on December 13, 2013, the trustee filed an emergency motion to compel her to turn over the iPhone. Although the witness paid for respondent's plane ticket to Miami, respondent received no other remuneration for representing the witness.

On December 18, 2013, the bankruptcy court conducted a hearing on the trustee's emergency motion at which respondent appeared telephonically on behalf of the witness, who had informed him days earlier that she had lost her iPhone 4s. Respondent did *not* inform the court or the trustee that the witness had apparently lost her iPhone, but argued that requiring her to turn over her phone violated her Fourth Amendment rights. The court ordered the witness to produce her iPhone to the trustee on December 26, 2013.

On December 26, 2013, respondent gave the trustee's local counsel an iPhone 5s (as opposed to an iPhone 4s) that the witness had bought on December 10, 2013; this iPhone was not the one the court had directed to be produced. On December 27, 2013, upon motion of the trustee, the bankruptcy court issued an order directing respondent and the witness to show cause why they should not be sanctioned for contempt and spoliation of evidence.

Following a sanction hearing, the bankruptcy court found that respondent had engaged in the unauthorized practice of law and that he had made a materially false statement to the court by making arguments against the production of the witness's iPhone 4s and then agreeing to produce such when he knew it was lost, and that his conduct rose "to the level of a fraud on the Court" (*In re Brown*, 511 BR at 852). The court directed respondent to pay $54,421.03 in sanctions, representing the fees and expenses the trustee had incurred and that were directly attributable to his attempts to recover the lost iPhone 4s. Respondent timely paid this amount. The court also directed the trustee to forward a copy of the sanction decision to the Committee.

Before the Committee Hearing Panel (the Panel), respondent averred that when he produced the witness's iPhone 5s to the

trustee's IT expert, he immediately disclosed that it was not the iPhone 4s that the trustee sought. He further averred that no one raised his non-admitted status until the sanction hearing before the bankruptcy court. Additionally, respondent noted, he fully cooperated with and apologized to the bankruptcy court and, to ameliorate his conduct, took 7.5 hours of CLE courses related to ethics and made a $2,500 donation to a pro bono organization in Houston. He also noted that he had promptly paid the $54,000 in sanctions, in addition to approximately $200,000 in legal fees to local counsel that represented him and the witness before the bankruptcy court. Respondent did acknowledge his misconduct, apologize, and express remorse. At the Texas sanction hearing, however, the trustee's local counsel and IT expert testified that respondent had not, in fact, immediately disclosed that the witness's iPhone 4s had been lost, and the bankruptcy court found that respondent's testimony on this issue was not credible (*In re Brown*, 511 BR at 853).

The Panel found that respondent's unauthorized practice of law before the Texas bankruptcy court was aggravated by the fact that he had been practicing law for 15 years at the time that he engaged in this misconduct. As to his misrepresentation to the court, the Panel was deeply troubled by respondent's initial failure to disclose to the bankruptcy court that the witness had lost her iPhone 4s. Indeed, the Panel noted, respondent presented a vigorous Fourth Amendment argument against the production of the iPhone 4s during a subsequent motion to compel hearing. The Panel found this conduct "dishonest and deceitful." In addition, the Panel found that respondent's material misrepresentations to the court served to delay the bankruptcy process and wasted the resources of the trustee and the bankruptcy court.

Nonetheless, the Panel found mitigation, namely: (1) respondent had no prior disciplinary history; (2) he made good faith efforts to make restitution or rectify the consequences of his misconduct; (3) he incurred and paid monetary sanctions; (4) he expressed remorse; (5) he cooperated with the Committee; and (6) he presented evidence of good character. Thus, the Panel recommended that respondent be publicly censured.

Now, by motion in accordance with former Rules of the Appellate Division, First Department (22 NYCRR) §§ 603.4 (d) and 605.15 (e) (2), the Committee seeks an order confirming the Panel's findings of fact and conclusions of law and publicly censuring respondent.

As this Court has already found respondent guilty of professional misconduct according to the doctrine of collateral estoppel, the only issue to be decided is the sanction to be imposed. Sanctions imposed by this Court for the misconduct at issue have ranged from private reprimand to suspensions of varying length (*see e.g. Matter of Radman*, 135 AD3d 31 [1st Dept 2015] [three-month suspension for misrepresentations to court regarding the existence of signed expert affirmations in wrongful death/medical malpractice action]; *Matter of Hart*, 118 AD3d 13 [1st Dept 2014] [censure for unauthorized practice of law in foreign jurisdiction and misrepresentations to corporate defendant; prompt disclosure of misrepresentation to adversary, no prior disciplinary history, remorse, and cooperation with Committee]; *Matter of Caro*, 97 AD3d 148 [1st Dept 2012] [six-month suspension for making false statements to a court regarding service of process in a civil action and a claim for attorneys' fees in a bankruptcy proceeding, and failing to promptly disclose to court spoilation of time records]; *Matter of Issler*, 283 AD2d 59 [1st Dept 2001] [public censure for failing to disclose material information to court in an action; previously unblemished 40-year legal career, significant public service, evidence of good character, misconduct not motivated by greed or venality, payment of $375,000 settlement, remorse]).

Public censure is appropriate here, as respondent's failure to promptly disclose the loss of the correct iPhone and his unauthorized practice of law before the Texas bankruptcy court were isolated instances of misconduct, and are mitigated by his previously unblemished disciplinary history, his prompt payment of significant monetary sanctions, and his admission of wrongdoing and remorse. We find that private discipline is not appropriate because respondent's misconduct involved both misrepresentation to a court and the unauthorized practice of law.

Accordingly, the Committee's motion is granted, and respondent is publicly censured.

ACOSTA, P.J., RICHTER, MAZZARELLI, MOSKOWITZ and MANZANET-DANIELS, JJ., concur.

Respondent publicly censured.