Matter of Myerowitz (2019 NY Slip Op 04304)





Matter of Myerowitz


2019 NY Slip Op 04304


Decided on May 30, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. Sallie Manzanet-Daniels,Justice Presiding,
Judith J. Gische
Peter Tom
Barbara R. Kapnick
Ellen Gesmer,Justices.


M-1432

[*1]In the Matter of Howard Z. Myerowitz, (admitted as Howard Zane Myerowitz), an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Howard Z. Myerowitz, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Howard Z. Myerowtiz, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on April 4, 2000.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Si Aydiner, of counsel), for petitioner.
Respondent pro se.



PER CURIAM.


Respondent Howard Z. Myerowitz was admitted to the practice of law in the State of New York by the First Judicial Department on April 4, 2000, under the name Howard Zane Myerowitz. At all times relevant herein and currently, he has maintained an office for the practice of law in the State of New Jersey.
The Attorney Grievance Committee (Committee) seeks an order pursuant to Judiciary Law § 90(2) and Rules for Attorney Disciplinary Matters (22 NYCRR) 1240.13, imposing reciprocal discipline on respondent in the form of a public censure, based upon the discipline imposed by the United States District Court for the Southern District of New York and the Supreme Court of New Jersey. Respondent opposes the motion and requests that the petition be dismissed, or in the alternative, that he be granted a hearing. For the reasons set forth below, we grant the Committee's motion and impose reciprocal discipline in the form of a public censure.
In March 2017, the United States District Court for the Southern District of New York (SDNY) Committee on Grievances sustained charges against respondent in connection with respondent's actions in 2014 as defense counsel in a civil case before the SDNY. In that case, the Honorable Denise Cote found that respondent knowingly made misrepresentations to the Court and sanctioned him in the amount of $10,000 for his conduct. The matter was then referred to the SDNY Committee on Grievances. After respondent failed to reply to two orders of the SDNY Committee on Grievances, it suspended him indefinitely. Respondent attributed his failure to respond to his never having received the orders. As for the underlying conduct before Judge Cote, respondent stated that he had an impeccable record up to that time, he described it as a lapse in judgment and a mistake that would never happen again and for which he was ashamed and embarrassed. Regarding the sanction, he stated that he was currently up to date with his monthly payments on the $10,000 sanction, despite the fact that they were financially difficult for him to make. The SDNY Committee on Grievances found that respondent had violated New York's Rules of Professional Conduct (22 NYCRR 1200.0) rules 3.3(a) (false statements to a tribunal); 3.4(c) (disregard of a standing rule of a tribunal or a ruling of a tribunal made in the course of a proceeding), 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation), 8.4(d) (conduct that is prejudicial to the administration of justice) and 8.4(h) (conduct that adversely reflects on the lawyer's fitness as a lawyer). In January 2018, the SDNY issued an order suspending respondent for two years, nunc pro tunc to his January 2016 interim suspension.
In April 2018, the New Jersey Disciplinary Review Board concluded that the record supported a finding of the rule violations before the SDNY, but determined that respondent's lack of a prior disciplinary history warranted a departure in discipline and, therefore, recommended a censure. In November 2018, the Supreme Court of New Jersey issued a decision censuring respondent.
The Committee, in seeking an order pursuant to Judiciary Law § 90(2) and 22 NYRCRR 1240.13, argues that none of the defenses to reciprocal discipline under 22 NYCRR 1240.13 are available to respondent since he had notice and opportunity to be heard in the foreign jurisdiction, there was no infirmity of proof establishing the misconduct, and the misconduct at issue in the foreign jurisdiction constitutes misconduct in New York. The Committee notes that both the SDNY and New Jersey authorities squarely and correctly rejected respondent's due process claim of lack of notice of the SDNY disciplinary proceeding, respondent acknowledged his underlying misconduct in papers submitted to both jurisdictions, and respondent was found to have violated various New York Rules of Professional Conduct.
Respondent argues in his affidavit that all defenses under 1240.13 are applicable and the petition should be dismissed/denied or, in the alternative, a hearing should be held. Respondent, once again, claims a lack of notice and opportunity to be heard, that despite multiple requests to appear before the SDNY Committee he was never given the opportunity to do so, and the SDNY re-suspended him without giving him the opportunity to defend himself.
Respondent contends that since he was deprived of due process, there was an infirmity of proof establishing his misconduct and, as such, it does not constitute misconduct for which either a suspension or censure is appropriate. Further, because the censure reciprocally imposed by New Jersey was based upon the actions of the SDNY, respondent maintains that the same infirmities apply. Respondent reiterates that he took responsibility for the incident before Judge Cote and he has now paid the $10,000 in full.
We find that notwithstanding respondent's assertion of all of the enumerated defenses, none are available. As the SDNY and the Supreme Court of New Jersey both found, certified mail receipts show that the SDNY's orders to show cause (OSC) were delivered to respondent's attention at the law firm where he worked. Even if we accepted respondent's claim of lack of service and that he only became aware of the OSCs when he received the SDNY's order of suspension, he was still afforded sufficient due process before the Southern District where he admitted the misconduct for which he was sanctioned.
Furthermore, the Southern District's misconduct findings are supported by the record, which includes respondent's admissions that he made misrepresentations to the Court. Notably, respondent does not contest any of the facts or circumstances underlying the allegations of misconduct before Judge Cote. Nor does he proffer any excuse that he would have offered in the Southern District, had he participated in the proceedings. Thus, his claim that there was an infirmity of proof is unsupported. Moreover, the Southern District expressly found that respondent's conduct violated the Rules of Professional Conduct rules 3.3(a), 3.4(c), 8.4(c), (d) and (h). Respondent's assertion that his misconduct does not constitute misconduct in this jurisdiction is simply incorrect.
On the issue of sanctions, in reciprocal disciplinary matters, this Court generally accords significant weight to the sanction imposed by the foreign jurisdiction in which the charges were initially brought and rarely deviates from the foreign jurisdiction's discipline (see Matter of Peters, 127 AD3d 103, 109 [1st Dept 2015]; Matter of Jaffe, 78 AD3d 152, 158 [1st Dept 2010]. In rare instances, however, we will depart from the general rule (see Matter of Lowell, 14 AD3d 41 [1st Dept 2004], appeal dismissed 4 NY3d 846 [2005], lv denied 5 NY3d 708 [2005]). In our view, this is such an instance because this Court has previously censured attorneys who have violated rule 3.3(a) (false statements to a tribunal) under similar circumstances (see e.g. Matter of Aviles, 152 AD3d 27 [1st Dept 2017]; Matter of Issler, 283 AD2d 59 [1st Dept 2001]).
Respondent's conduct consisted primarily of multiple misrepresentations to the Court regarding the time of his filings. While the SDNY suspended respondent for two years, New Jersey censured him. Based on his lack of a prior disciplinary history, we find that a departure in discipline from the SDNY is warranted, and therefore a public censure is appropriate.
Accordingly, the Committee's motion for reciprocal discipline should be granted and respondent publicly censured.
All concur.
Order filed. [May 30, 2019]
Motion for reciprocal discipline is granted and respondent is hereby publicly censured pursuant to 22 NYCRR 1240.13.